IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CASEY THIBODEAUX,                                    Case No. 14-cv-1167-pp

                        Petitioner,

v.

PAUL KEMPER,

                        Respondent.

**DECISION AND ORDER DENYING PETITIONER'S MOTION FOR RELEASE ON BAIL (DKT. NO. 2), DENYING PETITIONER'S MOTION FOR DISCOVERY (DKT. NO. 3), DENYING IN PART AND GRANTING IN PART PETITIONER'S MOTION FOR JUDICIAL NOTICE (DKT. NO. 6), DENYING PETITIONER'S MOTION TO VACATE A DEFAULT JUDGMENT (DKT. NO. 7), GRANTING RESPONDENT'S MOTION TO DISMISS (DKT. NO. 13), DENYING PETITIONER'S MOTION FOR JUDGMENT (DKT. NO. 19), AND DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 21).**

On September 23, 2014, petitioner Casey Thibodeaux filed a petition for a writ of habeas corpus under 28 U.S.C. §2254. Dkt. No. 1. With the petition, he filed a motion for release on bail, Dkt. No. 2, and a motion for discovery, Dkt. No. 3. On September 25, 2014, he filed two additional motions: (1) a motion for judicial notice, Dkt. No. 6; and (2) a motion to vacate a default judgment, Dkt. No. 7.

On September 25, 2014, the court entered an order requiring the respondent to answer or otherwise respond to the petition. Dkt. No. 5. On October 27, 2014, the respondent filed a motion to dismiss, Dkt. No. 13, with a supporting brief, Dkt. No. 14. On November 14, 2014, the petitioner filed a brief in opposition to the motion to dismiss. Dkt. No. 17. On December 15,

1

2014, the respondent filed a reply brief. Dkt. No. 18. This decision addresses the petitioner's motions, and grants the respondent's motion to dismiss the petition.

## I.  PROCEDURAL BACKGROUND

On February 26, 1998, a jury in Vernon County, Wisconsin convicted the petitioner of two counts of first-degree sexual assault of a child. Dkt. No. 14 at 2. On May 6, 1998, he pled no contest to one count of driving or operating a vehicle without consent. Id. at 2. The Vernon County Circuit Court sentenced the petitioner to serve twenty years of incarceration on one of the sexual assault convictions, withheld sentence and imposed a term of fifteen years of probation on the other, and imposed a term of two years' imprisonment on the motor vehicle conviction (to be served concurrently with the sexual assault sentences). Id. at Ex. 1. The court entered the judgment of conviction on May 6, 1998. Dkt. No. 14-1.

The petitioner appealed, and the Wisconsin Court of Appeals affirmed the conviction on November 16, 1999. Dkt. No. 14-2. The petitioner did not seek review from the Wisconsin Supreme Court. Dkt. No. 1 at 3. See also Dkt. No. 14 at 3 and Dkt. No. 14-3. On January 23, 2014, the petitioner filed a writ of habeas corpus with the Wisconsin Supreme Court. Dkt. No. 1 at 3. That court denied the writ on May 22, 2014. Id. See also Dkt. No. 14-5.

The petitioner filed his federal habeas petition in this court on September 23, 2014. Dkt. No. 1. The petitioner raised six grounds for relief. Id. at 12-18. In ground one, the petitioner alleged that he did not knowingly,

2

intelligently, or voluntarily enter his guilty plea; he stated that he did not fully understand the charges or the consequences of the plea, and that it was "illegally and unlawfully induced." Dkt. No. 1 at 11-12. In ground two, the petitioner alleged that he was denied his right to effective assistance of counsel as guaranteed by the Sixth Amendment. Id. at 13. Ground three raised a violation of the petitioner's right to substantive due process under the Fourteenth Amendment. Id. at 14. In ground four, the petitioner asserted that the state court had "subjected him to cruel and unusual punishment contrary to the Eighth Amendment," and again, violated his Fourteenth Amendment rights. Id. at 16. In ground five, the petitioner asserted that he "was subjected to malicious prosecution and prosecutorial misconduct" in violation of his Fourteenth Amendment rights and amounting to cruel and unusual punishment. Id. at 17. Finally, in ground six, the petitioner asserted that the state court did not have subject matter jurisdiction over the actions, which violated the petitioner's Fourteenth Amendment rights. Id.

On September 25, 2014, Judge Lynn Adelman (the presiding judge at that time) screened the petition, and ordered the respondent to file a responsive pleading. Dkt. No. 5. On October 27, 2014, the respondent filed a motion to dismiss for failure to file a timely petition. Dkt. No. 13.

## II. PETITIONER'S MOTION FOR RELEASE ON BAIL (DKT. NO. 2)

On September 23, 2014, the petitioner filed a motion for release on bail, Dkt. No. 2, asking the court to release him pending the resolution of this case. Id. In support of the motion, the petitioner stated that "[h]e ha[d] been confined

3

for nearly [seventeen and one half] years on a twenty year sentence." Id. at 1. He asserted that "[h]e is an acceptable candidate for bail in that whatever occurs ultimately in this court he will discharge from his sentence in under three years." Id. He alleged that he "is eligible for parole," "is well over his mandatory release date," and "is not a risk to the community." Id.

The petitioner asked the court to order his release because "he has shown by a preponderance of evidence not only a substantial federal claim to violations he suffered but also a clear case on the laws and readily evident facts as to his being denied fundamental and direct constitutional and substantive rights that ultimately led to his illegal restraint." Id. Finally, he asserted that release will serve the interests of justice. Id. at 2.

In a habeas case under 28 U.S.C. §2254, a federal district judge has "'inherent power to admit applicants to bail pending the decision of their cases, but'" the courts exercise this power "'sparingly.'" Bergmann v. McCaughtry, 857 F. Supp. 640, 640-41 (E.D. Wis. 1994) (quoting Cherek v. United States, 767 F.2d 335, 337 (7th Cir. 1985)). "In order to obtain release on bail pending a decision on his petition for writ of habeas corpus," the petitioner "must show 'not only a substantial federal claim that presents not merely a clear case on the law, but a clear, and readily evident, case on the facts.'" Bergmann, 857 F. Supp. at 641 (quoting Pethtel v. Attorney General of Indiana, 704 F.Supp. 166, 169 (N.D. Ind. 1989)). The petitioner also "must establish the existence of some circumstance which makes the request for bail exceptional and deserving of

4

special treatment in the interest of justice." Id. This is a "stringent standard" and courts "rarely" grant these requests. Id.

The petitioner argues that he has complied with the standard laid out in Bergmann, but the motion contains only "conclusory and self-serving statements," the kind of statements that the Bergmann court reviewed and rejected. Id. The petitioner has not demonstrated that exceptional circumstances exist in his case. He has not shown facts "which warrant the extraordinary relief requested." Id. Nor has he shown that he deserves "special treatment in the interest of justice." Id. He argues only that, in essence, he's served enough time, he'll be released fairly soon anyway, and he'll comply with bail conditions if released. This is not sufficient to demonstrate that his is the "rare" case where this court should grant release on bail. The court will deny the motion for release on bail.

## III. PETITIONER'S MOTION FOR DISCOVERY (DKT. NO. 3)

On September 23, 2014, the petitioner filed a document entitled "Motion for Discovery Pursuant to Rule 6." Dkt. 3. In the motion, he stated his belief "that he has provided all needed documentation of record to support his contentions." Id. at 1. He then asked "the court to order the circuit court to provide; [sic] if necessary, any and all records for" the petitioner's state court cases, "including police records and interrogatories." Id. He also sought "records and note[s] from attorneys" and "the documentation of the juvenile's arrest," and "any records of the Appeal made by petitioner." Id. Finally, he requested that the court order the respondent to pay the expenses of this

Case 2:14-cv-01167-PP   Filed 09/14/15   Page 5 of 22   Document 25

discovery. Id. The respondent has not filed any pleadings that address this motion for discovery.

Before reaching the merits, the court makes some general observations. The petitioner was convicted in 1998. He is asking for records that are, at this point, almost twenty years old. He also asks this court to order the state circuit court and the court of appeals to produce the documents he seeks. Federal courts do not have power to order state courts to do things; they are two separate and distinct court systems, each with its own independent authority. If the petitioner were entitled to discovery at this point, almost eighteen years after his conviction, the party from whom he ought to seek that discovery is the respondent (in this case, Warden Paul Kemper), not the state court system. But the petitioner is not entitled to the discovery he seeks, as the court will explain below.

Rule 6 of the Rules Governing Section 2254 Cases gives a federal district court judge the discretion to, "for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." "If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed." Id. The petitioner, as the party requesting the discovery, "must provide reasons for the request," "must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Rule 6(b), Rules Governing Section 2254 Cases.

The United States Supreme Court requires the district court "to provide the necessary facilities and procedures for an adequate inquiry" if the petitioner has presented "specific allegations" that give "the court . . . reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief." Harris v. Nelson, 394 U.S. 286, 300 (1969). But "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). "In order to meet the Rule 6(a) requirements, [the petitioner] must (1) make a colorable claim showing that the underlying facts, if proven, constitute a constitutional violation; and (2) show 'good cause' for the discovery." Henderson v. Walls, 296 F.3d 541, 553 (quoting Harris, 394 U.S. at 298-300)), vacated for other reasons, 123 S. Ct. 1354 (2003). A court will deny a motion for discovery "if based on conclusory allegations or a laundry list of records sought, since it would contravene the purpose of the good cause standard." Payano v. Grams, No. 10-C-475, 2011 WL 5854980 (E.D. Wis. Nov. 22, 2011) (citing Ward v. Whitley, 21 F.3d 1355, 1367 (5th Cir. 1994)).

The petitioner has not explained how any of the documents he lists relate to his constitutional claims. He has not articulated any facts that constitute "good cause" for the court to order the respondent (not the state courts) to provide the documents. The petitioner also has failed to specifically identify the particular documents he believes he needs; he asks for "any and all records" for three 1996 juvenile cases, "police records," "records and notes from

7

attorneys" (without specifying which attorneys), and "documentation" of his June 19, 1997 arrest. Because the petitioner has not met the requirements of Rule 6, and because this court finds that it can fully evaluate the claims in the petition without the discovery sought by this motion, the court will deny the petitioner's motion for discovery.

## IV.     MOTION FOR JUDICIAL NOTICE (DKT. NO. 6)

On September 25, 2014, the petitioner filed a motion asking the court to take "formal Judicial Notice under Rule 201." Dkt. No. 6 at 1. He asked the court to take notice of the following allegations:

- That the state court denied the petitioner's right to full due process and equal protection. Id. at 1;

- That the state court failed to appoint a guardian ad litem for the "waiver/'package plea' hearing." Id.;

- That the state court failed to give three days of notice prior to the waiver hearing. Id. at 2;

- That the state court asked the petitioner to waive later charges for a previous allegation. Id.;

- That the waiver for the later charges violated his right to a knowing, voluntary, and intelligent guilty plea. Id.;

- That the state court breached the plea agreement. Id. at 3;

- That the state court did not have subject matter jurisdiction over any of his three criminal proceedings. Id.;

- That the petitioner did not receive effective assistance of counsel. Id. at 4;

- That the state court deprived the petitioner of his right to counsel. Id.;

- That the state court committed fraud. Id. at 5; and

8

- That the petitioner was not in the home of the juvenile on June 20, 1997. <u>Id.</u>

Federal Rule of Evidence 201 governs judicial notice. Rule 201(a) states, at the outset, that "[t]his rule governs judicial notice of *an adjudicative fact only, not a legislative fact.*" (emphasis added.) The Advisory Committee notes to the rule explain the difference between an adjudicative and a legislative fact: "Adjudicative facts are simply the facts of the particular case. Legislative facts, on the other hand, are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body." Fed. R. Evid. 201, Notes of the Advisory Committee on Proposed Rules, Subdivision (a).

With regard to adjudicative facts, Rule 201(b) provides, "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). "In order for a fact to be judicially noticed, indisputability is a prerequisite." <u>Hennessy v. Penril Datacomm Networks, Inc.</u>, 69 F.3d 1344, 1354 (7th Cir. 1995). Courts may not take judicial notice of any and all facts or allegations. "Judicial notice is premised on the concept that certain facts . . . exist which a court can accept as true without requiring additional proof from the opposing parties. It is a[] . . . . device that substitutes the acceptance of a universal truth for the conventional method of introducing evidence." <u>Gen. Elec. Capital Corp. v. Lease</u>

9

Resolution Corp., 128 F.3d 1074, 1081 (7th Cir. 1997) (citations omitted).
Courts strictly apply the Rule 201 requirements, and take judicial notice cautiously. Id.

Some of the "facts" of which the petitioner asks this court to take judicial notice are *legislative*, not *adjudicative*. They are exactly the kinds of "facts" of which the rule does not allow a court to take judicial notice. While the court has discretion to take judicial notice of adjudicative facts, it does not have that discretion with regard to legislative facts such as whether the petitioner was denied due process, whether Wisconsin law allows certain procedures or whether the state court violated those procedures, whether the plea agreement was breached, or whether the state court had jurisdiction over the case.

That these are not the kinds of facts of which a court may take judicial notice is further illustrated if one looks at them through the lens of Rule 201(b). These are not facts that are generally known within the Eastern District of Wisconsin, nor can the court accurately or readily determine these "facts" from reasonably reliable sources. Facts that are "generally known within the trial court's territorial jurisdiction" are things like: the fact that Scott Walker is governor of Wisconsin; the fact that Wisconsin shares a border with Illinois; or the fact that Madison is the capitol city of Wisconsin. Facts that "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned" are things like: the fact that September 10, 2015 falls on a Thursday; the fact that the next "Leap Day" on the calendar will fall on February 29, 2016; or the fact that President John F. Kennedy was

assassinated on November 22, 1963. Because the above facts do not fall into either of these categories, the court will deny the petitioner's request that it take judicial notice of the petitioner's assertions that he was denied due process, that Wisconsin law allows certain procedures and that the state court violated those procedures, that the state court breached the plea agreement, and that the state court did not have jurisdiction over the case.

Others facts of which the petitioner asks the court to take judicial notice are subject to reasonable dispute: whether the petitioner did or did not receive effective assistance of counsel; whether, if he did not receive effective assistance of counsel, it was the state court which deprived him of that effective assistance; and whether the state court committed "fraud." Because these facts are subject to reasonable dispute, the court will not take judicial notice of them.

The petitioner also asks the court to take judicial notice of the fact that "the petitioner was not in the home of the juvenile on June 20, 1997." This request appears to relate to the facts that gave rise to the allegations of sexual assault in 97CF000076; the complaint in that case alleged that the petitioner engaged in criminal acts up to and through June 20, 1997. Dkt. No. 3-11 at 1. Again, this is the type of fact that is subject to reasonable dispute, and in this case, the kind of dispute that juries resolve. The petitioner went to trial on three counts of first-degree sexual assault of a child; the jury found him guilty of two of the three counts. Dkt. No. 3-17 at 2. The jury would have considered the evidence it heard during the trial, and made its determination about where

11

the petitioner was, and what he did, based on that evidence. Because it is subject to dispute, that fact is not appropriate for judicial notice, and the court will not do so.

The petitioner asks the court to take judicial notice that the state court did not appoint a guardian ad litem at the "waiver/'package plea' hearing." He does not give a date for this hearing. The exhibits the petitioner has filed demonstrate that there was a waiver hearing on August 20, 1997, Dkt. No. 3-6, and a plea hearing that same day, Dkt. No. 3-9. The court will grant the petitioner's request, to the extent that it will take judicial notice, from reviewing the transcripts of those hearings, that no guardian ad litem was appointed at either hearing.

The petitioner asks the court to take judicial notice of the fact that the state court did not provide "three (3) days prior notice to the hearing or its reasons," citing Wis. Stat. §938.18(3)(a). Again, the petitioner does not specify the date of the hearing to which he refers. There was a waiver hearing in case no. 97CF000067 (the operating a vehicle without owner's consent case); that hearing took place on August 20, 1997. The court will grant the petitioner's request, to the extent that it will take judicial notice of the fact that the Wisconsin Circuit Court Access Program ("WCCAP"), the on-line docket for the state court system, has no docket entries on it prior to the date of the August 20, 1997 hearing.

The petitioner asks the court to take judicial notice of the fact that "the state court asked the petitioner to waive later charges for a previous

12

allegation." It is not clear what the petitioner means by this statement. The court can take judicial notice that the following exchange occurred at the petitioner's August 20, 1997 hearing before Vernon County Circuit Court Judge Rosborough:

> [PETITIONER'S ATTORNEY]: Okay. And I also discussed with you the possibility that there was some other potentially very serious charges out there for which this [hearing] would also act as a waiver, did I not?

> [PETITIONER]: Yes.

> [PETITIONER'S ATTORNEY]: Okay. And your thought on that is that those aren't likely to be pursued and you're not concerned about that.

> [PETITIONER]: Yes.

Dkt. No. 3-6 at 13 of 16. This exchange is contained in the transcript of the August 20, 1997 hearing; if this exchange constitutes the waiver of "later charges" to which the petitioner refers, the court takes judicial notice that the exchange took place.

## V. PETITIONER'S MOTION TO VACATE A DEFAULT JUDGMENT (DKT. NO. 7)

On September 25, 2014, the petitioner filed a motion to vacate a default judgment for lack of subject matter jurisdiction. Dkt. No. 7. The opening paragraph of the motion asked the court to "invoke rule 60(b)(4) and vacate the default judgments entered by the CIRCUIT COURT VERNON COUNTY BRANCH 1, for lack of subject matter jurisdiction . . . ." Id. at 1. The motion then argues that under Wisconsin law, the state court did not have jurisdiction over him in two of the juvenile cases.

13

As an initial matter, the court advises the petitioner that the two convictions he mentions did not result in "default judgments." The term "default judgment" has a very specific meaning. Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief has been sought has failed to plead or otherwise defend, and that failure is shown by affidavit, the clerk must enter the party's default." In other words, when a plaintiff files a complaint against a defendant, and the defendant does not answer or otherwise respond to the complaint, the defendant has "defaulted," and the clerk of court has to note that on the record. Rule 55(b) allows the plaintiff in such a case to ask the court for a "default judgment"—to ask the court to enter judgment in his or her favor, as a result of the defendant not having participated in the lawsuit. The Wisconsin rules of civil procedure have a similar "default" provision. Wis. Stat. §806.02.

There is no "default" procedure in criminal cases, because of the constitutional due process requirements for criminal defendants. When the state—the "plaintiff"—brings charges against a criminal defendant, that defendant is entitled to due process regardless of whether that defendant pleads guilty or not guilty. If a criminal defendant just doesn't show up, the criminal court can't just enter judgment against him for his failure to appear.

And in this petitioner's cases, he didn't fail to appear. He appeared, and went to trial. The state court did enter judgment against him, but those judgments weren't "default" judgments; they were judgments entered after either a jury had found the petitioner guilty, or he had pleaded no contest.

14

It appears that what the petitioner actually seeks is to have this court vacate his state criminal convictions under Fed. R. Civ. P. 60(b)(4), which allows a court to, "[o]n motion and just terms, relieve a party . . . from a final judgment" if "the judgment is void." Fed. R. Civ. P. 60(b)(4). Rule 60 of the Federal Rules of Civil Procedure is a rule that applies in *civil* cases. It allows a federal court to relieve a party in a *federal civil* case from a *federal civil* judgment imposed by a *federal* court. "Rule 60(b)(4) is 'a rule of civil procedure' and is not available to 'challenge state judgments of any sort in federal court.'" Givens v. Pugh, No. 12-CV-127, 2012 WL 3097621, *1 (E.D. Wis. July 30, 2012) (quoting Sherratt v. Friel, 275 F. App'x 763, 766 n.1 (10th Cir. 2008)). The court "may choose to interpret a 60(b)(4) motion attacking a state criminal judgment as a §2254 petition, but all the strictures of the AEDPA will apply." Givens, 2012 WL 3097621 at *1 (citation omitted). Although Rule 60(b)(6) contains a catch-all provision [a provision stating that a federal court may relieve a party of a civil judgment for 'any other reason that justifies relief'], the petitioner must show "'extraordinary circumstances justifying the reopening of a final judgment and [s]uch circumstances will rarely occur in the habeas context.'" Givens, 2012 WL 3097621 at *1 (quoting Arrieta v. Battaglia, 461 F.3d 861, 865 (7th Cir. 2006)). Finally, when a habeas petitioner brings a Rule 60(b) motion, that motion "must call into question a defect in the habeas proceeding itself and not the constitutionality of the state court conviction." Givens, 2012 WL 3097621 at *1 (citing Sanders v. McCaughtry, 333 F. Supp. 2d 797, 799 (E.D. Wis. 2004)). "Otherwise, the Rule 60(b) motion is merely an

15

attempt to circumvent AEDPA's restrictions on second or successive petitions." Givens, 2012 WL 3097621 at *1 (internal quotation marks and citation omitted).

Rule 60(b) does not allow a federal district judge to vacate a state criminal judgment and sentence. The petitioner's motion does nothing more than challenge his state-court convictions and subsequent incarceration. The proper vehicle for doing that is a §2254 petition, which is what he filed that began the instant case, and what the respondent has moved to dismiss. For all of these reasons, the court will deny the petitioner's motion to vacate a default judgment.

## VI.    RESPONDENT'S MOTION TO DISMISS (DKT. NO. 13)

On October 27, 2014, the respondent filed a motion to dismiss the instant habeas petition. Dkt. No. 13. The respondent asserted that the petitioner had failed to file the petition timely under 28 U.S.C. §2244(d)(1). Title 28 U.S.C. §2244(d)(1) places "[a] 1-year period of limitation" on "an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. §2244(d)(1).

The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1)(A)-(D). Under §2244(d)(2), "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2).

The petitioner has not alleged that a state impediment existed, that his grounds for relief turned on a right newly recognized by the Supreme Court, or that he had discovered new evidence to support his claims under 28 U.S.C. §§2244(d)(1)(B), (C) or (D). Therefore, the court must calculate the limitations period from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A).

The Wisconsin Court of Appeals affirmed the petitioner's state convictions on November 16, 1999. Dkt. No. 14-2. That decision "[was] reviewable by the supreme court only upon a petition for review granted by the supreme court," which "shall be filed in the supreme court within 30 days of the date of the decision of the court of appeals." Wis. Stat. §808.10(1). The petitioner did not file a petition for review with the Wisconsin Supreme Court by December 16, 1999. Dkt. No. 1 at 3. Therefore, December 16, 1999 serves as the date upon which the state court judgment became final by expiration of

17

the time for seeking direct review. 28 U.S.C. §2244(d)(1)(A). For his petition in this court to be timely, then, the petitioner would have had to file it by December 16, 2000. He did not file his federal habeas petition until September 23, 2014—almost fourteen years later. Dkt. No. 1.

Under certain circumstances, the doctrine of "equitable tolling" of the limitations period may apply. <u>Tucker v. Kingston</u>, 538 F.3d 732 (7th Cir. 2008). The doctrine of "equitable tolling" allows a court to "suspend the 'clock' of a statutorily mandated time limitation in the interests of equity." Eric Speed, <u>Criminal Law—Use of Equitable Tolling to Enforce Violations of Supervised Release After Original Term Has Expired—United States v. Buchanan, 638 F.3d 448 (4th Cir. 2011)</u>, 17 Suffolk J. Trial & App. Advoc. 169 (2012). "Equitable tolling may apply to cases on collateral review, but only when it does not conflict with the strictures of 28 U.S.C. §2244(d) . . . Equitable tolling is rarely granted." <u>Id.</u> (citations omitted). The "petitioner must demonstrate, first, that extraordinary circumstances outside of his control and through no fault of his own prevented him from timely filing his petition . . . . Second, he must also show that he has diligently pursued his claim, despite the obstacle." <u>Id.</u> (citations omitted).

In his brief in opposition to the respondent's motion to dismiss, the petitioner explained that his ineffective counsel, lack of understanding of the law, and inability to access legal materials prevented him from filing his petition sooner. Dkt. No. 17 at 2. He also asserted that he filed this petition in response to the Wisconsin Supreme Court's denial of his 2014 state writ of

18

habeas corpus. Id. at 4. That court denied the writ on May 22, 2014, and he argues that he filed this petition within one year of that date. Id. The petitioner did not, however, file the January 2014 petition in the Wisconsin Supreme Court within one year of December 16, 1999, and thus he never had a properly pending collateral challenge that would have tolled the AEDPA's one year statute of limitations. Graham v. Borgen, 483 F.3d 475, 483-83 (7th Cir. 2007).

The petitioner has not stated any exceptional or extraordinary circumstances that prevented him from timely pursing habeas relief. Complaints "of limited resources and lack of familiarity of the law" do not suffice. Tucker, 538 F.3d at 734-35. A "lack of legal expertise is not a basis for invoking equitable tolling." Id. (citations omitted). Neither is "a prisoner's limited access to the prison law library." Id. (citations omitted). These circumstances are true for most incarcerated petitioners—they are poor, or have few resources; they are not lawyers, and are not trained in the law; it is hard for them to obtain access to legal materials and good law libraries. In those respects, the petitioner is not in an extraordinary position.

The petitioner also argues that he was a juvenile during his trial, and throughout his state court appeal process. Dkt. No. 17 at 2. The court is aware that the petitioner was a juvenile at the time he was charged. But the petitioner provides no facts regarding how old he was on December 16, 1999—or how old he was on December 16, 2000, the date by which the statute would have

required him to file a federal habeas petition.[1] The court cannot speculate on whether it would find "extraordinary" circumstances if the petitioner had been, say, thirteen in December of 2000. But if the petitioner were, say, eighteen in December 2000, his age would not have constituted an "extraordinary circumstance."

The petitioner explains that he began to wonder about the issues he raises in his petition in May of 2011, when he began to wonder why he was being required to complete a treatment program, and why that requirement delayed his mandatory release date. Id. May of 2011 is eleven years after the statutory deadline for the petitioner to have filed a federal habeas case. Even if, as the petitioner vehemently argues, he didn't realize the problems with his case back in 1999, it still appears to have taken him eleven years to begin thinking about the issues he raised in 2014. Even at that point, the evidence in his case was some twelve or thirteen years old, witnesses had likely moved on, documents may have been destroyed. There is a reason that the habeas statute imposes a filing deadline—respondents cannot meaningfully respond, nor can federal courts meaningfully review, claims raised decades after the events that gave rise to them.

The court finds that "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" was December 16, 1999, thirty days after the Wisconsin Court of

---

[1] Documents the petitioner filed as exhibits indicate that he turned seventeen in December 1997, which means he would have been twenty in December 2000—no longer a juvenile. Dkt. No. 3-6 at 7.

Appeals affirmed the convictions. 28 U.S.C. §2244(d)(1)(A). The petitioner had one year from that date, or until December 16, 2000, to file a habeas petition in federal court. 28 U.S.C. §2244(d)(1). He did not file this petition until September 23, 2014, and the court concludes that he has not presented any exceptional circumstances justifying the application of the equitable tolling doctrine. Therefore, the court will grant the respondent's motion to dismiss.

## VII.  REMAINING MOTIONS

On December 22, 2014, the petitioner filed a motion for judgment. Dkt. No. 19. On February 25, 2015, the petitioner filed a motion for summary judgment. Dkt. No. 21. Because the court will grant the respondent's motion to dismiss, it will deny these motions as moot.

## VIII.  CONCLUSION

The court **DENIES** the petitioner's motion for release on bail (Dkt. No. 2).

The court **DENIES** the petitioner's motion for discovery (Dkt. No. 3).

The court **DENIES IN PART and GRANTS IN PART** the petitioner's motion for judicial notice (Dkt. No. 6).

The court **DENIES** the petitioner's motion to vacate a default judgment (Dkt. No. 7).

The court **GRANTS** the respondent's motion to dismiss (Dkt. No. 13).

21

The court **DENIES AS MOOT** the petitioner's motion for judgment (Dkt. No. 19) and his motion for summary judgment (Dkt. No. 21).

Dated in Milwaukee, this 14th day of September, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

Case 2:14-cv-01167-PP   Filed 09/14/15   Page 22 of 22   Document 25